HACKETT and another vs. BONNELL and another.

Whether husband and wife should join as plaintiffs in an action that concerns the separate property of the wife, is a vexed question, but where they have joined in such action, and the objection appears on the face of the complaint, and it has not taken by demurrer, it is waived, and the husband is thereafter to be deemed a proper party to the action, and as such, a competent witness on behalf of the plaintiffs.

Where a transcript of the record of the proceedings of a court of another state is offered in evidence in this state, and it is not attested according to the act of congress (1 U. S. Stat. at large, p. 504), the certificate of attestation of the clerk must conform to the R. S., ch. 167, § 71, and state that he has compared the copy with the original, and that it is a correct transcript therefrom.

A transcript of the record of the proceedings of a court of another state, in order to be admissible in evidence in this state, may be attested either according to the act of congress, or in conformity with R. S., ch. 137, § 71.

A second action for the recovery of personal property, may be maintained after a former one brought for the same purpose, has been discontinued.

An action for the recovery of personal property, where the property has been taken by the sheriff and re-delivered to the defendant, upon his giving the statutory undertaking, may be discontinued by paying the costs of the action, and entering a common order of discontinuance, and when the order is entered in term time, it is presumed to have been made by the court, and the signature of the judge or of a commissioner thereto is not necessary.

Where the property in such action had been re-delivered to the defendant, his possession of it is not qualified by the undertaking he gave to procure its re-delivery, and on its dismissal by the common rule, no order for the return of the property is necessary; the undertaking becomes *functus officio*, and the possession of the defendant becomes a possession in his own right.

APPEAL from the Circuit Court for *Milwaukee* County.

This was an action brought by *Mary Jane Hacket* and her husband against *Bonnell & Matsell* for the recovery of personal property, alleging in their complaint that the same had been acquired by the wife by purchase from one Thompson; and that it was purchased with her separate estate, which she had and owned in her own right before her marriage. The defendants insisted in their answer that the husband *Fletcher Hackett*, was improperly joined as a party plaintiff in this action; that he had no interest in the cause of action set forth, and claimed the same benefit of this defense as though they had demurred to the complaint for a misjoinder of parties plaintiff.

The defendants denied that the property in question belonged to the wife, or that it was purchased with her separate means or estate ; and alleged that the property in question belonged to the defendant *Bonnell*, who purchased the same and obtained possession thereof in May, 18.51, and that he held possession of the same until it was taken from him by the sheriff of Milwaukee county by the direction of the plaintiffs, and that the defendant *Matsell* had no interest in the property, but held possession of the same as the servant of the defendant *Bonnell*, when it was taken by the sheriff ; and that an action was commenced by *Bonnell* against the husband *Fletcher Hackett* on the 18th of February, 1861, in the circuit court of the state of Illinois for Peoria county, for the recovery of a debt then due, of $453, in which action an attachment was issued and executed by seizing the property in question as the property of the plaintiff *Fletcher Hackett*, who then owned the same ; that judgment was recovered by *Bonnell* against him in that action on the 6th of May, 1861, for the amount of said debt and costs, upon which execution was issued, and levied on the property in question, and the same was sold at sheriff's sale and delivered to the defendant *Bonnell*, who became the purchaser at such sale ; that afterwards the plaintiffs in this action, brought an action to recover the same from the defendant *Bonnell* in the circuit court of Milwaukee county, and that by proceedings in that action had pursuant to the statute, the said property was taken by the sheriff from *Bonnell's* possession, and that he then obtained a re-delivery thereof by the sheriff, by executing and delivering an undertaking in that action, with sureties pursuant to the statute in such case made and provided, and that he then continued in possession thereof until July 11, 1861, when the plaintiff's attorneys obtained from *Bonnell's* attorneys in that action, their consent that the action should be discontinued without costs, and that notice of discontinuance of said action was served on the attorneys of *Bonnell* by the plaintiffs' attorneys, at which time they paid the costs incurred therein,

but that no order of court was obtained discontinuing it, or for the return of the property to *Bonnell*, and that said action is still pending, and that when this action was commenced, *Bonnell* held said property, subject to the conditions of the undertaking he had given in that action to obtain its re-delivery to him, and that such undertaking had not been cancelled.

The cause was tried before the court and a jury, and at the trial the plaintiffs offered in evidence the deposition of one of the plaintiffs, *Fletcher Hackett*, which had been regularly taken and was subject to no objection, except such as existed to the competency of the husband as a witness in this action, and which objection was insisted on by the defendants, and was sustained by the court and the deposition excluded, to which ruling the plaintiffs excepted. The plaintiffs gave considerable other evidence in support of their case and rested.

The defendants to prove their defense offered in evidence an alleged transcript of the proceedings in the circuit court of Illinois for Peoria county, in the action of *Bonnell vs. Fletcher Hacket* in which the property had been attached and sold on an execution issued on the judgment rendered. therein as the property of *Fletcher Hackett* as alleged in the defendants' answer. The only certificate of authentication of this transcript contained in this record, was by the clerk of the court in Illinois, who certified the transcript to be "a true and correct copy from the files and records in his office, in a certain cause, wherein *James Bonnell* was plaintiff and *Fletcher Hackett* defendant, as the same remained of record and on file in his office." The plaintiff objected to this transcript being read in evidence because the certificate of the clerk did not state that the transcript was of the whole record in the case, and for immateriality. The court overruled the objection and admitted it in evidence and the plaintiffs excepted. The defendants then offered in evidence the record of the suit mentioned in the answer, brought by the present plaintiffs against *Bonnell* for the recovery of the same property in question in

this action, in which former action Waldo, Ody and Van were attorneys for the plaintiffs, and Austin & Pereles were attorneys for the defendants, showing that in such action the property was taken by the sheriff from *Bonnell* on an affidavit and claim of delivery pursuant to the statute, and that it was re-delivered to him upon his giving the undertaking required by sec. 6, chap. 128, R. S., with sureties, before this action was commenced, and that afterwards and before the present action was commenced, the plaintiffs procured a stipulation from *Bonnell's* attorneys consenting to the discontinuance of that action and waiving notice of taxation of costs and attorneys' fees; the plaintiffs to pay their own costs, and admitting the payment of *Bonnell's* attorneys fees, and that on the 10th of July 1861 in term time, upon reading and filing of said written consent, waiver and receipt, and on motion of Waldo, Ody & Van, attorneys for the plaintiffs in that action, an order was entered therein, after the title of the cause as follows : " On motion of Waldo, Ody & Van, plaintiffs' attorneys, the above entitled action is discontinued at the costs of the plaintiffs therein. Waldo, Ody & Van, plaintiffs' attorneys." Written notice of such order of discontinuance was served on *Bonnell's* attorneys on the same day. It was then admitted that all the costs in the former action had been paid at its discontinuance, and that the property in question in this action was in the possession of the defendants *Bonnell* and Matsell, (Matsell being the servant of *Bonnell,*) from the time it was redelivered by the sheriff to *Bonnell* in the former action upon his giving the undertaking therefor, until the commencement of this action. The counsel for the plaintiffs objected to the record of the said suit against *Bonnell* being given in evidence, on the ground that it was irrelevant and immaterial. The court overruled said objections, and admitted the same in evidence, to which ruling the plaintiffs excepted. After the testimony was closed, the circuit judge charged the jury, " that the records and proceedings in the former suit of these plain-

tiffs against *Bonnell* which had been admitted in evidence formed an insurmountable obstacle to the plaintiffs recovery; and that when in one action for the recovery of personal property, the property has been taken by the proper officer and delivered to the defendant on his compliance with the statute, the law does not permit the plaintiff to discontinue his action, without providing for the return of the property to the defendant; the law does not permit the plaintiff in any case to discontinue that action and commence a new action for the recovery of the same property, and that the jury should find a verdict for the defendants; that they are entitled to a return of the property sued for and to six cents damages. To which charge and instruction the plaintiffs excepted.

The jury returned a verdict for the defendants, upon which judgment was rendered in their favor and from which the plaintiffs appealed.

*Waldo, Ody & Van* for appellants. 1. There was no former suit pending when this one was commenced. An order of discontinuance had been entered and it still remained in force. *Hathaway vs. Fullerton*, 11 Wis., 287. By the discontinuance of the former suit, the property was left in *Bonnell's* hands, free from the exigencies of that suit, and no return of it could thereafter be adjudged. To have rendered such a judgment on dismissal would have been an unnecessary ceremony. 2. The circuit court erred in admitting in evidence the transcript of proceedings in the circuit court of Illinois. R. S. ch. 137, § 71. 3. The husband and wife were properly joined in the suit. Laws of 1850, ch. 44; R. S. ch. 122, § 15; *Norval vs. Rice*, 2 Wis., 22; *Wooster vs. Northrup*, 5 Wis., 245; *Botkin vs. Earl*, 6 Wis., 393. And as to the competency of the husband as a witness they cited *Birdsall vs. Dunn, ante*, 235.

*Austin & Pereles* for respondents. 1. The plaintiffs being husband and wife were improperly joined in the action. R. S. ch. 122, § 15; 9 How. Pr., 446; 8 How. Pr., 395. *Ackerly*

*vs. Tarbox*, 29 Barb., 517 ; *Smart vs. Comstock*, 24 Barb., 411 ; *Hillman vs. Hillman*, 14 How. Pr., 456. The defect may be taken advantage of on demurrer to the complaint or by answer. *Ingraham vs. Baldwin*, 12 Barb., 9. 2. The court below properly excluded the testimony of the husband. 2 Smith's Lead cases, 105; *Manchester vs. Manchester*, 24 Vt., 649 ; *Pillow vs. Bushnell*, 5 Barb., 156 ; 2 Sandf., 240 ; *Barbat vs. Allen*, 7 Exch., 608 ; *Stapleton vs. Croft*, 10 Eng. L. and Eq., 455 ; *Alcock vs. Alcock*, 12 id 354; 5 Seld., 153 ; 41 N. H. 139 ; 21 Vt., 509. 3. The ruling of the court below admitting the transcript of the record of the circuit court of Illinois was correct. R. S., ch. 137, § 51; Greenlf. Ev., § 505. 4. *Bonnell's* possession of the property when this action was commenced was a qualified one, and the demand of the plaintiffs and refusal at that time was no evidence of conversion. Morris on Rep. 219 ; 10 How. Pr., 474. In replevin the judgment on default for the defendant at common law, was for a return of the property. Morris on Rep., 153, 143, 29 ; 3 Mon., 181 ; 17 Conn., 233 ; 3 Barr., 13 ; 10 Mass., 29 ; 10 Serg. & R., 92. 5. The action could not be discontinued without an order to return the property. 1 Whit. Prac., 248, 525 ; *Wilson vs. Wheeler*, 6 How. Pr., 49 ; 1 Code Rep., N. S., 402.

*By the Court*, DIXON, C. J. Whether the husband, *Hackett*, is a competent witness, depends on whether he is properly joined as plaintiff in the action. If he is a proper party, his testimony should be received, *Barnes vs. Martin*, 15 Wis., 240. If he was improperly joined, the objection appears on the face of the complaint, and it not having been taken by demurrer, it is waived. R. S., chap. 125, sec. 5, sub. 4, and sec. 9 ; *Ingraham vs. Baldwin*, 12 Barb., 9. Whether he should have been joined in the first instance, under the provisions of the code (R. S., chap. 122, sec. 15,) is a vexed question in New York, the proper decision of which involves many important considerations. Some of the courts hold that it is op-

tional with the wife to sue alone or to join her husband in actions which concern her separate property. *Van Buren vs. Cockburn,* 2 Coms., 63; *Rasher vs. Morris,* 9 How. Pr. R., 266; *Woods vs. Thompson,* 11 id., 184; *Howland vs. Paper Mill Co.,* 8 id., 505; *Ingraham vs. Baldwin, supra*; others that he cannot be joined in such actions. *Smith vs. Kearney,* 9 How. Pr. R., 466; *Ackerly vs. Tarbox,* 29 Barb., 512. Upon this question we express no opinion, since, by the action of the defendants, the plaintiff's husband is now to be deemed a proper party.

Whether the record of the proceedings in the circuit court of the state of Illinois should have been received or excluded, is a very simple question, according to the offer which was made. If offered under the law of congress, (1 stat. at large, p. 122, quoted in 1 Greenl., Ev., sec. 504,) the certificate of the judge that the attestation of the clerk is in due form, is necessary. If under the statute of this state, sec. 61 of chap. 137, R. S., then the certificate of the clerk must conform to the provisions of section 71, of the same chapter, and it must appear that he has compared the copy with the original, and that it is a correct transcript therefrom. As the case is silent upon the judge's certificate, we must presume that the record was offered under our statute, and it was not therefore, so authenticated as to make it admissible.

The former action for the possession of the same property was properly discontinued. All costs had been paid, and the order entered in term must be presumed to have been made by the judge in open court. In such case, the signature of the judge, or of a commissioner, is unnecessary.

The learned judge was clearly wrong in holding that no second action for the recovery of personal property can be maintained, and that the former suit was a bar. How this impression gained ground, we are at a loss to discover. There is nothing in the statute to warrant the inference, and we are referred to no authority upon the subject. It may possibly have

sprung from a recollection of the statute of 1849, which prohibited a second suit of replevin for the same cause, but such is no longer the law.

Nor, is there anything in the objection that the possession of the defendant *Bonnell* is qualified by the undertaking which he gave for the return of the property in the former action. The undertaking was conditioned for the delivery of the property to the sheriff, if such delivery should be adjudged, and for the payment to him of such sum as might, for any cause be recovered against the defendant. R. S., chap. 128, sec. 6, No delivery was adjudged, and the action was discontinued at the costs of the plaintiffs. The undertaking is therefore, *functus officio*, and of no force whatsoever; and the possession of *Bonnell* just what it was before the action was brought, that is, a possession in his own right. For the same reason, also, no order for a return of the property was required upon judgment of discontinuance. It was already in the defendants' possession.

Judgment reversed, and a new trial awarded.