## Case No. 10,988.

PERKINS v. INGERSOLL et al.

[1 Dill. 417.][1]

Circuit Court, D. Kansas. 1871.

PARTIES—PLEADING—CODE CONSTRUED.

[This was an action by George W. Perkins, warden of the state penitentiary, against Ingersoll & Hensley.]

McComas & Danford, for plaintiff.

McKeagan, Martin, Burns & Case, for defendants.

Before DILLON, Circuit Judge, and DELAHAY, District Judge.

DILLON, Circuit Judge. This was an action at law brought in this court in the name of George W. Perkins, the warden of the Illinois state penitentiary, as warden (disclosing his capacity), for goods sold by him as warden, which were manufactured at the penitentiary (a public institution, belonging to the state, and governed and regulated by a public act of the legislature, but which is silent as to the name in which actions shall be brought for property sold), and the answer was simply a general denial of the allegations of the petition.

We hold, under the Civil Code of Kansas (construing sections 10, 28, 89, and 91 thereof), adopted as the practice of this court in actions at law, that the defendant cannot on the trial, after the evidence is closed, for the first time, object (in the state of the pleadings) to a recovery, on the ground that the plaintiff was not the real party in interest, and had no capacity, or right to sue, but that the action should have been brought in the name of the state of Illinois, as the party really concerned. Union Mut. Ins. Co. v. Osgood, 1 Duer, 707; People v. Banker, 8 How. Prac. 258; Petty v. Malier, 14 B. Mon. 198; Fosgate v. Herkimer Manuf'g, etc., Co. 2 Kern. [12 N. Y.] 584; Mayhew v. Robinson, 10 How. Prac. 162; Zafriskie v. Smith, 3 Kern. [13 N. Y.] 336; Ingraham v. Baldwin, 12 Barb. 9; Smith v. Fah, 15 B. Mon. 446.

Whether the state of Illinois had legal capacity to sue in this court was discussed, but not decided.