DANIEL WIGHT and WILLIAM W. WIGHT vs. JOSEPH J. ALDEN and ALANSON D. AGAN.

Where more than a year and a day elapse after the date of a warrant of attorney to confess judgment, the Plaintiff must procure an ex parte order of a judge at chambers, or of the court to authorize the entering up of judgment : after ten years the order can be made only by the court.

To entitle the Plaintiff to such order, he must prove by affidavit the due execution of the warrant of attorney, that the debt, or some part of it, is still due, and that the parties are alive.

Where the Plaintiffs' attorney accidently omitted to obtain such order, but entered up judgment nearly two years after the date of the warrant of attorney, it appearing that the Plaintiff was entitled to the order, and that the Defendant had not been prejudiced by the omission to obtain it, the court refused to set aside the judgment and execution, but allowed the Plaintiff to enter the order *nunc pro. tunc*, on paying costs of the motion.

The power of the court to allow amendments will be liberally exercised, and will be extended to every case within the statute, where it is necessary to prevent a substantial right being sacrificed to a mere technicality.

*Albany Special Term, February,* 1848.—This was a motion to set aside, for irregularity, a judgment entered in this court by confession, on bond and warrant of attorney, on the ground that more than a year and a day had elapsed after the date of the warrant of attorney, before the judgment was entered up, and that an order was not previously obtained from a judge at chambers, or from the court authorizing the entering of the judgment.

The bond and warrant of attorney were dated March 26th, 1846. The bond was in the penalty of $5440, conditioned for the payment of $2720, and interest. There were several endorsements on the bond, the last being dated 20th January, 1848, and signed by both Defendants, in which the Defendants consented that another demand of $414.28 should be included in and secured by the bond.

It being supposed that some change was about to be made in the property of the Defendants, a judgment was hastily entered up on 20th of January, 1848, and an execution issued and levy made. The attor-

ney for Plaintiffs inadvertently neglected to procure an order authorizing the entering up of the judgment, and there were also several clerical errors in the filling up of the execution.

This motion was made in behalf of Alanson D. Agan, one of the Defendants.

In opposition to the motion it was shown by the affidavit of the subscribing witness, that the bond and warrant of attorney were duly executed, and by other affidavits that the amount claimed was all due and unpaid, and that all the parties were still alive, and that the Plaintiffs would be in danger of losing their demand if the judgment and execution were set aside.

There was no disagreement between the parties as to the amount due, and it appeared that after a levy was made under the execution, the Defendants admitted that the sum directed to be collected on the execution was due.

It further appeared that the bond and warrant of attorney were executed to secure the payment of the purchase-money agreed to be paid for a store of goods, and that a levy was made on some of the same goods.

C. STEVENS, *for Deft Agan.*

A. TABER, *for Plffs.*

PARKER, Justice.—There can be no doubt of the existence of the common law rule, that an *ex parte* order of a judge at chambers, or of the court, is necessary to authorize the entering up of judgment, where more than a year and a day has elapsed after the date of the warrant of attorney. To entitle the Plaintiff to such an order, he must prove by affidavit the due execution of the warrant of attorney, that the debt, or some part of it, is still due, and that the parties are alive. After ten years the order can only be made by the court. (*Bank* v. *St. John,* 5 Hill, 499 ; Grah. Pr. 774 ; 6 Modern, 212 ; 7 Modern, 94 ; 1 Barn. & Ald. 567 ; 1 Strange, 639 ; 1 Maule & Selw. 174 ; 1 Dow. & Ry. 558 ; 3 Salk. 321.)

It is not necessary to inquire how this practice originated, nor whether it ought to be retained. It is well that there should be some protection for the Defendant against improperly entering up a judgment on a stale bond and warrant of attorney.

It may perhaps admit of some doubt whether this rule is applicable to the case in question. The endorsement made on the bond on the same day on which the judgment was entered, by which the Defendants agreed in writing over both their signatures, that the sum of $414.28, being the amount of a certain promissory note, should be deemed to be included in

the bond, renders the transaction of so fresh a character, as seems hardly to call for the formality of obtaining an order to authorise the entry of judgment; but conceding that notwithstanding this, the rule above referred to is still applicable, it is necessary to inquire whether this is a proper case for the exercise of the power of this court to allow an amendment.

It does not appear that the Defendants have been at all injured by the omission to procure the order of a judge. All the facts that it would have been necessary to show before the officer to entitle the Plaintiffs to such an order, existed when the judgment was entered, and are now most satisfactorily proven here, by affidavits which are not contradicted. The Defendant Agan rests his motion solely upon the bare technical omission to procure the order. Under these circumstances it is claimed; we ought to authorise the making of the order *nunc pro tunc.*

The statute has vested in this court the most ample power of amendment. It extends to "every default or negligence of any clerk or officer of court, or of the parties or their counsellors or attorneys, by which neither party shall have been prejudiced." (2 R. S. 425, §§ 7 and 8.)

This power has been heretofore very liberally exercised by the court, though perhaps in no case precisely like the present. In *Scammon* v. *Drake,* 1 Caine, 9, a motion was made to set aside a *capias ad satisfaciendum,* because the record of judgment had not been signed, and it was ordered to be done *nunc pro tunc.*

In *Close* v. *Gillespey,* 3 John. 526, a judgment on bond and warrant of attorney was docketed without the plea having been signed by any attorney for Defendant, and there was no name of any attorney for Defendant inserted in the record. The court allowed an amendment *nunc pro tunc,* though opposed by a junior judgment creditor.

*Holmes* v. *Thompson,* 2 Cowen, 410, was a case in which the Plaintiff had omitted to file his *nisi prius* record, post a clerk's certificate, venire, &c., and had lost them; he had also omitted the proper continuances in his judgment record. After writ of error brought, he was allowed, on motion, to make new papers and file them *nunc pro tunc,* and amend his continuances.

Amendments were also allowed under circumstances somewhat similar in 3 Cowen, 39; 8 Cowen, 746; 9 Cowen, 304; 19 Wend. 329; 1 Hill, 121; 5 Hill, 519; 2 Denio, 185; 1 Howard's S. T. R. 82; 3 do. 173.

In *Jordan* v. *Posey,* 1 Howard's S. T. R., 123, the warrant of attorney was by mistake omitted to be filed with the judgment record, *as required by statute.* On Defendant's motion to set aside the judgment and execution, the court ordered the warrant to be filed *nunc pro tunc.*

So in *Buttin* v. *Wilder*, 6 Hill, 242, on motion to set aside a judgment entered by confession, on a bond and warrant of attorney, executed by husband and wife; it was held that the proceedings were void as to the wife, and the judgment against her was vacated; but the Plaintiff was allowed to amend the judgment record and execution *nunc pro tunc*, so as to make the proceedings regular as to him.

These cases show to what length the courts of this state have gone in allowing amendments, and I do not think it would be going any further to suffer an amendment in this case. It is the duty of the court to see that substantial justice is never sacrificed to a mere technicality, and that duty would be none the less obligatory in a case like this, without the sanction of a precedent. In my opinion, the administration of justice could be greatly promoted in this state, by carrying the practice of permitting amendments much further even than has heretofore been done.

The case of *Bank* v. *St. John*, 5 Hill, 497, is relied on by Defendant's counsel to show that a judgment by confession was set aside for the defect here complained of. But it does not appear that an amendment was asked in that case; nor would it have availed the Plaintiff; the court having held that the warrant of attorney did not authorise a confession of judgment in this state.

No cross-motion is needed for the purpose of authorising an amendment. It may be made in resisting the motion, to set aside the process or record claimed to be defective. (*Jones* v. *Williams*, 4 Hill, 34; *Inman* v. *Griswold*, 1 Cowen, 202.)

The motion to set aside the judgment, bond, and subsequent proceedings, is therefore denied, and the Plaintiffs may take an order *nunc pro tunc*, as of 20th January, 1848, authorising the entering up of the judgment. The Plaintiffs must pay the Defendant Agan $10, the costs of this motion. The Plaintiffs are also at liberty to amend, at the same time, the clerical errors in the execution.