DAVID L. REED, Respondent, *v.* ALFARETTA REED et al., ABRAHAM BERNHEIMER, Purchaser, Appellant.

Where an action for partition is commenced by one who is, under the Code of Civil Procedure (§ 1538), a proper party to the action, but is not "a joint tenant or tenant in common" and so, not entitled to be plaintiff, the defect is not jurisdictional, and a decree directing a sale, if erroneous, is not absolutely void; where, therefore, no appeal is taken, the judgment is conclusive upon the parties.

Accordingly, *held,* that the defect was no objection to the title offered a purchaser on such a sale, and that his motion to be relieved from the sale was properly denied.

(Submitted November 29, 1887 ; decided December 13, 1887.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made October 5, 1887, which affirmed two orders of Special Term, one denying a motion on behalf of Abraham Bernheimer, a purchaser at a sale under the judgment herein to be relieved from his purchase; the other granting a motion on the part of plaintiff, that said purchaser be required to complete his purchase.

This action was brought to procure the sale or partition of certain premises in the city of New York, and a division or distribution of the proceeds among the parties to the action, as their interest might appear. A sale was ordered and Bern heimer became purchaser at the price of $10,125. In compliance with the conditions of the sale he paid to the referee ten per cent on the amount bid by him, viz., $1,012.50, and agreed to pay the residue on June 11, 1887. At that time, however, he refused to pay the balance of his bid, alleging that the title was defective for the following, among other reasons: *First.* That the plaintiff had no such interest in the real estate as would entitle him to maintain the action. *Second.* That he was " prohibited by the provisions of section 1538 of the Code of Civil Procedure from being a plaintiff in the action ;" that some of the defendants " at the time of bringing the action were infants, and the judgment and sale not binding upon them." He claimed that for these and other reasons not important, the title to the premises was a doubtful and unmarketable one. The sale was reported to the court and duly confirmed.

*Edward D. Bettens* for appellant. The case should be very plain which would authorize a court on a motion to compel a party to take a conveyance, and then it should be determined only with the consent of such purchaser. (*Jordan v. Poillon*, 77 N. Y. 518, 521, 553.) As a rule a title which is open to a judicial doubt is not a marketable title. (*Shriver v. Shriver*, 86 N. Y. 575, 584.)

*John J. Sullivan* and *Abraham Stern* for respondents. The plaintiff had such interest in the real estate as would entitle

him to maintain this action. (*Cromwell* v. *Hull*, 97 N. Y. 209; *Tilton* v. *Vail*, 42 Hun, 638; *Riker* v. *Hyer*, 1 Paige, 486; Freeman on Co-tenancy and Partition, §§ 455, 456; *Mussey* v. *Sanborn*, 15 Mass. 155.) Notwithstanding the fact that the plaintiff under section 1538 of the Code of Civil Procedure was prohibited from being a plaintiff in this action, all the parties having any interest in the premises being parties to the action, and having been personally served with process, there having been a judgment and the court having confirmed the sales made thereunder, the judgment is binding and conclusive upon all the parties to the action, and gives the purchaser a valid title. (*Cromwell* v. *Hull*, 97 N. Y. 209.) The appellant is not in a position to attack the judgment as it now stands if it is erroneous. The only persons who could complain are the parties to the action, and they not having done so, the purchaser is protected and his title is good. (*Woodhull* v. *Little*, 102 N. Y. 165; *Blakely* v. *Calder*, 15 id. 617; *Abbot* v. *Curran*, 98 id. 665; Code of Civil Pro., §§ 1557, 1577.) As no one but the parties to the action can call in question the purchaser's title, and as they are bound by the judgment the court having jurisdiction there is no reason why the sale should not be consummated. (*Blakely* v. *Calder*, 15 N. Y. 617; *Howell* v. *Hills*, 56 id. 226; *Sullivan* v. *Sullivan*, 66 id. 37.)

DANFORTH, J. It appears by the report of the referee that the plaintiff's interest in the premises was that of tenant by the curtesy, and as such he was entitled to the possession and profits of the lands and premises described in the complaint, during his natural life; that the defendant, Alfaretta Reed, was seized in fee simple, subject to the plaintiff's estate, of one equal undivided one-half part of those premises; that the other defendants were infants under the age of twenty-one years and were seized in fee simple, subject to the same rights, each of one equal undivided one-sixth part of the premises. The principal contention of the appellant is placed upon the provisions of section 1538 of the Code of Civil Procedure,

which, after naming the necessary parties to an action for partition, declares that " no person other than a joint tenant or tenant in common of the property, shall be a plaintiff in the action." The same section provides that every person having an undivided share in possession or otherwise in the property in question, as, among others, " a tenant by the curtesy," must be made a party to such an action. It is plain, therefore, the objection is simply that he stands upon the record as plaintiff, and not as defendant.

The judge at Special Term put the decision upon the case of *Cromwell* v. *Hull* (97 N. Y. 209) decided in October, 1884. In that case the same fact appeared and this court held that if a plaintiff in a partition suit was not authorized to maintain the action because not a joint tenant or tenant in common with the remainderman, still the defect was not jurisdictional, and the decree, if erroneous, not absolutely void. That determination applies to and covers this case unless the appellant is right in his contention that a different rule now prevails. The partition suit in the case cited was before the Code. That, however, can make no difference. The court in the present instance had jurisdiction of the parties and of the subject-matter of the action, and from the decision made, no appeal was taken. All the parties, therefore, are bound. The judgment in *Cromwell* v. *Hull* (*supra*) covers the case and it is unnecessary to add to the discussion. We think the title offered to the purchaser was a good title and his motion to be relieved was properly denied.

The order appealed from should, therefore, be affirmed.

All concur.

Order affirmed.