JOHN I. TILTON, RESPONDENT, *v.* SUSAN M. VAIL AND OTHERS, APPELLANTS.

*A tenant by the curtesy in an undivided share of real property may maintain an action for partition — Code of Civil Procedure, secs. 1532–1538.*

In January, 1871, Joseph R. Vail died intestate seized of certain premises, leaving him surviving his widow, Susan M. Vail, his son, John R. Vail, and his daughters, Adelina M. Vail and Lilla B. Vail. In September, 1881, Lilla B. Vail married the plaintiff, and in June, 1884, gave birth to a living child, which died shortly after its birth, and herself died in July, 1884, intestate, leaving her husband, the plaintiff, and her mother and sister and brother above named surviving.

The plaintiff, claiming as tenant by the curtesy in the undivided share of his deceased wife, commenced this action for a partition, which was resisted upon the ground that the plaintiff, claiming solely as a tenant by the curtesy, was not only not permitted to bring an action for partition, but that it was expressly forbidden by section 1538 of the Code of Civil Procedure.

*Held*, that the plaintiff was entitled to maintain the action, because of the authority conferred upon him so to do by section 1532 of the Code of Civil Procedure, which provides that where two or more persons hold, and are in possession of, real property as joint tenants, or as tenants in common, in which either of them has an estate of inheritance, or for life or for years, any one or more of them may maintain an action for the partition of the property, according to the respective rights of the persons interested therein, and for a sale thereof, if it appears that a partition thereof cannot be made without prejudice to the owners.

*Van Arsdale* v. *Drake* (2 Barb., 599) followed.

That the plaintiff, as a tenant by the curtesy of his wife's share in this real estate, was entitled to the same possession during his life that his wife would have been entitled to had she been alive, which was a right in possession of every part and parcel of the subject-matter of the tenancy, and that he thus fulfilled the definition of a tenant in common.

A tenant by the curtesy of an undivided share of real estate is just as much entitled to the possession of the real estate as though he owned the fee of that share, because he is, during his life, the owner of that share.

The rule that a tenant by curtesy cannot maintain an action of partition applies to those cases where he is tenant by the curtesy of the whole estate, and as a consequence his possession is exclusive and he clearly does not come within the definition of being tenant in common with any body or of anything.

APPEAL by the defendants from an interlocutory judgment confirming the report of a referee, appointed to take proof of title in an action for partition, and ordering a sale, which was entered in the office of the clerk of the county of New York on January 30, 1889.

*Alexander Thain*, for the appellants.

*W. C. Beecher*, for the respondent.

VAN BRUNT, P. J.:

This action was brought for the partition of certain real estate situate in the city of New York. In January, 1871, Josiah R. Vail died intestate, seized of the premises in question, leaving him surviving his widow, Susan M. Vail, his son John R. Vail and his daughters, Adelina M. Vail and Lilla B. Vail. In September, 1881, Lilla B. Vail married the plaintiff, and in June, 1884, gave birth to a living child, who died shortly after its birth, and herself died in July 1884,

intestate, leaving her husband, the plaintiff, and her mother and sister and brother, above named, surviving. The plaintiff, claiming as tenant by the curtesy of the undivided share of his deceased wife, commenced this action for a partition, which was resisted upon the ground that the plaintiff, claiming solely as tenant by the curtesy, is not only not permitted to bring an action for partition, but is expressly forbidden by the Code of Civil Procedure to be plaintiff in an action brought for that purpose. The plaintiff claims that by authority of section 1532 of the Code, the right to maintain this action has been conferred upon him. The defendants, however, are equally strenuous in asserting that by section 1538 he is expressly prohibited from bringing such an action. Although this case has been before the court upon a previous occasion, yet the decision upon that appeal in no way disposes of the question now presented, as the question then seemed to turn upon the condition of the pleadings, and not upon the facts as they have been subsequently proved upon the hearing before the referee. Section 1532 of the Code is the same as section 1, title 3, chapter 5, part 3 of the Revised Statutes (2 R. S., 317) with some unnecessary alteration of expressions which have in no degree added to the clearness of the language therein contained. This section provides that where two or more persons hold and are in possession of real property as joint tenants or as tenants in common, in which either of them has an estate of inheritance or for life or for years, any one or more of them may maintain an action for the partition of the property according to the respective rights of the persons interested therein, and for a sale thereof if it appears that a partition thereof cannot be made without prejudice to the owners.

Our attention has been called to no adjudication tending to elucidate the language of this section as it appears in the Code or as it appeared in the Revised Statutes. Reference is made to the case of *Reed* v. *Reed* (46 Hun, 212) and which was subsequently affirmed in 107 New York, 545, which, however, from its facts cannot be considered as an authority under the section in question. There is one case, however, decided many years ago, in 1848 (*Van Arsdale* v. *Drake*, 2 Barb., 599), in which it was held that the assignee of a person seized of a life estate in a share of real property might maintain an action in partition, upon the ground that the plaintiff in the

suit was seized of an estate for life in the premises described in the pleadings, as tenant in common with the defendants representing the whole estate, and, therefore, had an absolute right under the statute to a decree of partition, which is the identical question involved in the case at bar. A reading of the section shows that it was the understanding of the legislature that tenants in common might be seized of different estates in the same property, as, for example, one might have an estate of inheritance in a portion of the property, another might have an estate for life and another might have an estate for years, and yet they would be tenants in common in the property; and being tenants in common and in possession of the property, any one of them might maintain under the provisions of this section an action for partition. This is precisely what was held in the case to which attention has been called, namely, that the owner of the life estate in the premises was a tenant in common with the owners of the fee.

If this is not the construction to be placed upon this section, it is difficult to see what was intended by this legislation, because the section does not say that where two or more persons hold and are in possession of real property, as joint tenants or tenants in common, in which they have an estate of inheritance or for life or for years, they may maintain an action; but it provides that where two or more persons hold and are in possession as joint tenants or as tenants in common of real property, in which either of them has such an estate, he may maintain such an action, clearly embodying the idea that where there is a right of possession, and possession upon the part of a person either holding an estate of inheritance as to part, or an estate for life or for years, he is a tenant in common. To constitute a tenancy in common, there must be an equal right in the possession of every part and parcel of the subject-matter of the tenancy. The plaintiff, as tenant by the curtesy of his wife's share in his real estate, was entitled to the same possession during his life that his wife would have been entitled to had she been alive, which was a right in the possession of every part and parcel of the subject-matter of the tenancy, and thus he fulfills the definition of a tenant in common.

Tenants in common have been described to be such as hold by several and distinct titles, but by unity of possession. It appears,

therefore, that the test as to whether the parties are tenants in common or not does not depend upon the extent or the duration of their right as long as they have a right of possession in common with the other holders of the title. A tenant by the curtesy of an undivided share of real estate is just as much entitled to the possession of the real estate as though he owned the fee of that share, because he is during his life the owner of that share. There is, therefore, that unity of possession which the law requires in order to make the owners of the estate tenants in common. The rule that a tenant by the curtesy cannot maintain an action of partition applies to those cases where he is tenant by the curtesy of the whole estate, and as a consequence his possession is exclusive, and he clearly does not come within the definition of being a tenant in common with anybody or of anything. The case of *Reed* v. *Reed* was a case of this description. And this interpretation of section 1532 fully complies with the prohibition in section 1538, which seems to have been injected into the law by the codifier, as we cannot find that it existed in the Revised Statutes. Now, as we have seen that a tenant by the curtesy of an undivided share in an estate is a tenant in common with the other owners of the property, the prohibition of this section 1538 does not apply. It would seem, therefore, that the court below was correct in holding that the plaintiff had a right to maintain the action in partition. The objection that the referee erred in not finding that the defendant Susan M. Vail was entitled to an undivided third part of the estate as heir-at-law of the deceased daughter is not well taken, because such deceased daughter, having a brother and sister living, the fee of said undivided third part did not descend upon the mother under the provisions of the statute.

The judgment appealed from should be affirmed, with costs.

BRADY and DANIELS JJ., concurred.

Judgment affirmed, with costs.