HALFHILL, Respondent, vs. MALICK, Appellant.

*February 2—February 21, 1911.*

*Judgment by confession: Warrant of attorney: Common-law rule: Execution of power: Presumptions: Irregularities: Collateral attack: Verification of complaint by attorney: Judgment roll: Bills and notes: Judgment for indorsee: Real party in interest: Venue: Where defendant is "found:" Foreign judgment: Excessiveness: Signature of judge: Authentication.*

1. The power to confess judgment by warrant of attorney comes from the common law and is governed thereby except as that has been modified by statute and the decisions of the courts of last resort in this country.

2. The strict rule of the common law that a judgment could not be confessed on a warrant of attorney after a year and a day, unless an affidavit was filed showing that the maker was alive and that some portion of the debt was still due, does not apply where the power is coupled with an interest and supported by consideration, and necessary to effectuate the security to which it attaches.

3. The rule does not go to the question of power, but to the regularity of execution of the power. It is a rule of presumption which, like other presumptions, may be rebutted, and the rec-

Halfhill v. Malick, 145 Wis. 200.

ord of the judgment is ample to rebut the presumption of payment, if any there be, arising from the lapse of time.

4. In the absence of equities in favor of the debtor, a judgment by confession on warrant of attorney will not be set aside for mere irregularities.

5. Mere irregularities under a warrant of attorney with release of errors will not generally subject a judgment to collateral attack.

6. Under the statute of Ohio a complaint or petition founded upon a promissory note may be verified by plaintiff's attorney where such instrument is in the hands of the attorney, and judgment thereon, entered on warrant of attorney, will be valid.

7. The provisions of sec. 2896, Stats. (1898), that the warrant of attorney under which judgment is confessed shall be made a part of the judgment roll, and that the affidavit therein required shall be attached to the complaint, do not apply to a judgment confessed in Ohio where the statute does not call for an affidavit and only requires that the original or a copy of the warrant shall be filed with the clerk.

8. A power of attorney to confess judgment on a promissory note in favor of the payee or assigns, authorizes confession of judgment in favor of an indorsee.

9. The question whether a person in whose favor a judgment has been confessed on a warrant of attorney is the real party in interest cannot be raised on collateral attack on the judgment.

10. A nonresident defendant who appears by attorney and confesses judgment under a warrant of attorney is "found" in the county where such judgment is entered, within the meaning of a statute (of Ohio) which provides that actions may be brought in the county where the defendant is found.

11. The fact that a foreign judgment was for seventy-four cents too much is immaterial in an action thereon, under the maxim *de minimis non curat lex.*

12. A foreign judgment which, under the law of the state where it was rendered, is admissible in evidence and valid without being signed by the judge or clerk of the court, is entitled to full credit here, although unsigned.

13. The record of the judgment of a court of another state is admissible in evidence here if attested and certified either in accordance with the federal statute or with the statute of this state. *In re Box's Will*, 127 Wis. 264, so far as it conflicts herewith, overruled.

APPEAL from a judgment of the circuit court for Portage county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

The plaintiff, a resident of Ohio, brought this action in the circuit court for Portage county upon the following judgment:

"Pleas before the court of common pleas within and for the First subdivision of the Third judicial district of the state of Ohio, at a court begun and held at the courthouse in Lima, Allen county, Ohio, on the 24th day of September, 1906.

"*Maggie Malick Halfhill,* Plaintiff,  
No. 12889      vs.                } *Cognovit.*  
"*John P. Malick,* Defendant.

"Be it remembered that heretofore, to wit, on the 19th day of January, A. D. 1907, there was filed in the office of the clerk of said court a petition which reads and is in the words and figures following, to wit:

"The State of Ohio, Allen County, ss.: In the Court of Common Pleas. (Case No. ——.) *Maggie Malick Halfhill,* Plaintiff, vs. *John P. Malick,* Defendant.

"Petition. *First cause of action:* Now comes the plaintiff, *Maggie Malick Halfhill,* and for her first cause of action against the defendant, *John P. Malick,* says: That on or about the 7th day of April, 1877, the defendant executed and delivered to James Malick his promissory note of that date, together with a warrant of attorney, a copy of which promissory note and warrant of attorney together with all the indorsements thereon are as follows, to wit: $555.66. Van Wert, O., April 7, 1877. Thirty days after date I promise to pay to the order of James Malick, five hundred and fifty-five and 66-100 dollars at Van Wert, Ohio, for value received, with eight per cent. interest from date. And we hereby authorize and empower any attorney at law, at any time after this obligation becomes due, to appear for us before any court of record, or before any justice of the peace, in the state of Ohio, or elsewhere, and waive the issuing and service of process and confess judgment against us, in favor of the payee above named, or assigns, for the sum due hereon, interest and costs, and thereupon to release all errors and waive all right and benefit of a second trial or appeal in our behalf. [Signed] *John P. Malick.* [Seal.] The follow-

ing indorsements appear on the back of said note, to wit: 'Van Wert, Apr. 4, 1878. Rec. on the within forty-five dollars. St. Mary's, Jan. 18, ——. Received on the within fifty dollars. Oct. 16, '82. Received on the within twenty-five dollars. Oct. the 18th, 1897, received on the within five dollars. Rec'd on the within $15 on Jan. 11, 1899. Received on the within note $5. August the 24, 1905. Pay to the order of *Maggie Malick Halfhill.* James Malick.' The plaintiff further says that James Malick, the payee named in said note, transferred and assigned all of his rights and interest in said note and the power of attorney annexed thereto to the plaintiff, *Maggie Malick Halfhill,* for a valuable consideration; that the plaintiff is the legal owner and holder thereof; that said note is due and unpaid except as shown by the credits indorsed on said note; and that there is due plaintiff thereon from said defendant the sum of five hundred fifty-four and 85-100 dollars ($554.85) with interest thereon at the rate of eight per cent. (8 per cent.) per annum from April 4th, 1878, less the sum of fifty dollars ($50) paid on Jan. 8th, 18—: the sum of twenty-five ($25) dollars paid on October 16th, 1882; the sum of five dollars ($5) paid on October 18th, 1897; the sum of fifteen dollars ($15) paid on January 11th, 1899; and the sum of five dollars paid on August 24th, 1905, which amounts to the sum of seventeen hundred and thirty-three and 59-100 dollars ($1,733.59) this 19th day of January, A. D. 1907.

"*Second cause of action.* Now comes the plaintiff, *Maggie Malick Halfhill,* and for her second cause of action against the defendant, *John P. Malick,* says: that on or about the 13th day of February, 1878, the defendant executed and delivered to James Malick his promissory note of that date together with warrant of attorney, a copy of which promissory note and warrant of attorney together with all the indorsements thereon are as follows, to wit: '$167.17. Van Wert, O., February 13, 1878. One day after date I promise to pay to the order of James Malick, one hundred and sixty-seven and 18-100 dollars, with eight per cent. interest after due. And we hereby authorize and empower any attorney at law, at any time after this obligation becomes due, to appear for us before any court of record, or before any justice of the peace, in the state of Ohio, or elsewhere, and waive

the issuing and service of process and confess judgment against us and in favor of the payee above named or assigns, for the sum due thereon, interest and costs, and thereupon to release all error and waive all right and benefit of a second trial in our behalf. [Signed] *J. P. Malick.* [Seal.]' The following indorsements appear on the back of said note, to wit: 'Van Wert, O., Oct. 9, '79. Rec. on the within fifty dollars. June 22nd '81. Rec'd on within Board $30 thirty dollars. Oct. the 16, '82. Received on the within fifty dollars. Rec'd on the within note $15 Jan. 11, 1899. Received on the within note $5, August the 24, 1905. Pay to the order of *Maggie Malick Halfhill.* James Malick.' The plaintiff further says that *J. P. Malick,* the person who signed the above described note, is *John P. Malick,* the defendant in the above entitled cause. That said promissory note is due and unpaid, except as shown by the credits indorsed on said note. That James Malick, the payee named in said note, assigned and transferred all of his right and interest in said note and the power of attorney annexed thereto to the plaintiff, *Maggie Malick Halfhill,* for a valuable consideration. That the plaintiff is the legal owner and holder thereof, and that there is due her thereon from said defendant the sum of ninety-one and 81-100 dollars ($91.81), with interest at the rate of eight per cent. (8 per cent.) per annum thereon from October 16th, 1882, less the sum of fifteen dollars ($15) which was paid on said note Jan. 11, 1899, and the sum of $5 five dollars which was paid on said note on the 24th day of August, 1905, which amounts to the sum of two hundred and forty-nine and 94-100 dollars ($249.94) this 19th day of January, A. D. 1907.

"Wherefore said plaintiff asks judgment on her first cause of action herein against said defendant, for the sum of five hundred fifty-four and 85-100 ($554.85) dollars, with interest thereon at the rate of eight (8) per cent. per annum from April 4th, 1878, less the sum of one hundred dollars ($100) which sum was paid as above alleged, which amounts to the sum of seventeen hundred and thirty-three and 59-100 ($1,733.59) this 19th day of January, A. D. 1907; and a judgment on her second cause of action herein against said defendant for the sum of ninety-one and 81-100 dollars ($91.81) with interest thereon at the rate of eight per cent.

(8 per cent.) per annum from October 16th, 1882, less the sum of twenty ($20) dollars which sum was paid as above alleged, and which amounts to the sum of two hundred and forty-nine and 94-100 dollars ($249.94) this 19th day of January, A. D. 1907; and for the costs of this suit. *Maggie Malick Halfhill.* By Ridenour and Halfhill, Her Attorneys.

"The State of Ohio, Allen County, ss.: Before me, the undersigned authority, personally appeared James W. Halfhill, who, being first duly sworn according to law, says: That he is one of the attorneys of record for said plaintiff; that this action is brought upon an instrument in writing for the payment of money only; that said instrument in writing is in his possession and that he verily believes the statements contained in the foregoing petition are true in substance and in fact. James W. Halfhill. Sworn to before me by the said James W. Halfhill, and by him in my presence subscribed this 19th day of January, A. D. 1907. O. O. Barr, Notary Public, Allen County, Ohio. [Seal.]

"And afterwards, to wit, on the 19th day of January, A. D. 1907, the following answer was filed, to wit:

"The State of Ohio, Allen County, ss.: In the Court of Common Pleas. *Maggie Malick Halfhill,* Plaintiff, vs. *John P. Malick,* Defendant.

"ANSWER. By virtue of the warrants of attorney, copies of which are set forth in the first and second causes of action in the petition, I, O. O. Barr, an attorney at law in the several courts of record in the state of Ohio, hereby enter an appearance for the said defendant at the suit of *Maggie Malick Halfhill,* plaintiff, against the said *John P. Malick,* defendant, and waive the issuing and service of process herein, and confess a judgment on the first cause of action in favor of the said plaintiff, *Maggie Malick Halfhill,* against the said defendant, *John P. Malick,* for the sum of seventeen hundred and thirty-three and 59-100 dollars ($1,733.59) damages, being the amount appearing due for principal and interest this 19th day of January, A. D. 1907, and a judgment on the second cause of action in favor of the said plaintiff and against the said defendant for the sum of two hundred and forty-nine and 94-100 dollars ($249.94) damages, being the amount appearing due for principal and interest this 19th

day of January, A. D. 1907, and also $—— for costs of suit.
And I do hereby release all error and waive all right of appeal. *John P. Malick,* By O. O. Barr, His Attorney.

"And afterwards, to wit, on the 19th day of January, A. D.
1907, the following proceedings were had in the common
pleas court, to wit:

"The State of Ohio, Allen County, ss.: In the Court of
Common Pleas. *Maggie Malick Halfhill,* Plaintiff, vs. *John
P. Malick,* Defendant.

JOURNAL ENTRY. Now, this 19th day of January, A. D.
1907, came the plaintiff, *Maggie Malick Halfhill,* by her attorneys; also came O. O. Barr, one of the attorneys of this
court, on behalf of the defendant, *John P. Malick,* and by
virtue of the warrants of attorney for that purpose duly executed by the said *John P. Malick* and now produced to the
court waived the issuing and service of process, and with the
assent of the plaintiff, *Maggie Malick Halfhill,* confesses
that the said *John P. Malick* is justly indebted to said plaintiff, to even date herewith in the sum of seventeen hundred
and thirty-three and 59-100 dollars ($1,733.59) on the first
cause of action alleged in the petition, and the sum of two
hundred and forty-nine and 94-100 dollars ($249.94) on the
second cause of action alleged in the petition. And the
court finds from the evidence adduced that the defendant is
indebted in said sums of seventeen hundred and thirty-three
and 59-100 dollars ($1,733.59) on the first cause of action
alleged in the petition, and two hundred and forty-nine and
94-100 dollars ($249.94) on the second cause of action alleged in the petition. The court further finds that James
Malick, the payee, assigned all of his rights and interest in
the notes and powers of attorney, set forth in the first and
second causes of action, to the plaintiff, *Maggie Malick Halfhill,* for a valuable consideration; and that she is the legal
owner and holder of said notes. It is therefore considered
by the court that the said *Maggie Malick Halfhill* recover
from the said *John P. Malick* the said sums of seventeen hundred and thirty-three and 59-100 dollars ($1,733.59) and
two hundred and forty-nine and 94-100 ($249.94), amounting to the sum of nineteen hundred and eighty-three and
53-100 ($1,983.53) dollars, with interest thereon at the rate
of eight per cent. (8 per cent.) per annum from January

19th, 1907, together with her costs herein expended taxed at $5."

The defendant answered putting in issue the material allegations of the complaint; charges fraud; pleads payment of the notes upon which said judgment purports to have been entered; the various statutes of limitation of Ohio and Wisconsin in bar; that the indebtedness represented by the smaller of the two notes was in fact included in the other, and that it was executed by mistake; alleges that plaintiff is not the real party in interest, had no interest in the notes, and if transferred to her in fact such transfer was without consideration, and that she had no right or lawful authority to enter judgment thereon; alleges that no person or persons had any authority from defendant to enter an appearance and confess judgment against him on account of said notes or either of them, and if any person did so appear it was without authority; that said Ohio court was without jurisdiction to enter judgment upon said notes or either of them; alleges that any indorsements upon said notes subsequent to October 16, 1882, were without authority or consent of defendant, and that if such were made it was with fraudulent intent and purpose; that no process was ever served on defendant, either personally or constructively, and that he had no opportunity to appear or defend or be heard in the matter resulting in said alleged Ohio judgment, and that the same was taken without his consent or knowledge; and prays dismissal of the action and that plaintiff be perpetually enjoined and restrained from enforcing said judgment.

The court below found the facts in favor of the plaintiff, and as conclusions of law that the Ohio judgment was regular and valid, that plaintiff was the owner of the notes, the amount due, and that the notes were valid existing obligations when the judgment was entered; and ordered judgment for plaintiff for $2,467.80. Judgment was entered for plaintiff accordingly, from which this appeal was taken.

Halfhill v. Malick, 145 Wis. 200.

For the appellant there was a brief by *Owen & Hanna,* attorneys, and *B. R. Goggins,* of counsel, and oral argument by *Mr. Goggins* and *Mr. W. F. Owen.*

*Byron. B. Park,* for the respondent.

KERWIN, J.   The learned counsel for the appellant, both in their brief and upon oral argument, attack the Ohio judgment and the judgment of the court below and insist that the judgment appealed from should be reversed.   They have favored us with very exhaustive and able argument to sustain their position, and the propositions in support of their several contentions have been examined with care, but we have been unable upon the whole record to bring ourselves to the conclusion that the judgment below should be reversed.

The first and principal point made by appellant is that the Ohio judgment was not admissible in evidence.   We have set out in the statement of facts the record resulting in the judgment of the Ohio court which is attacked.   It is said that the power to confess judgment by warrant of attorney comes from the common law, and this is true except in so far as the old rule of the common law has been modified by statute and the decisions of the courts of last resort in this country.   The statutes of Ohio were put in evidence on the trial in the court below, and we find therein some provisions respecting judgments by warrant of attorney.   Secs. 5324, 5035, 5325, 5354, and 6355, Bates' Ann. Ohio Stats. (5th ed.).   Counsel for appellant cite the rule of the common law from Tidd's Practice to the effect that a judgment could not be confessed upon a warrant of attorney executed more than a year and a day before, unless an affidavit was filed showing that the maker was alive and that some portion of the debt was still due, and a stricter rule applied where the warrant was ten or twenty years old, and it is argued that some such showing was necessary to warrant the execution of the power of attorney in the instant case.

Whatever the rule of the common law was respecting the life of a naked power of attorney, we are convinced that such a strict rule as is laid down in Tidd's Practice, referred to by appellant's counsel, does not apply where the power is coupled with an interest and supported by consideration, and necessary to effectuate the security to which it attaches. *Hunt v. Rousmanier's Adm'rs,* 8 Wheat. 174; *Walsh v. Whitcomb,* 2 Esp. 565; 2 Kent, Comm. (1st ed.) 505–507; *Evans v. Fearne,* 16 Ala. 689; *Hutchins v. Hebbard,* 34 N. Y. 24; *Wassell v. Reardon,* 11 Ark. 705, 54 Am. Dec. 245.

Moreover, the rule referred to does not go to the question of power but to the regularity of the execution of it. It is a rule of presumption, which like other presumptions may be rebutted. The record of the judgment is ample to rebut the presumption of payment, if any arose by lapse of time, and there is no pretense that the defendant was dead at the time of entry of the judgment. The cases cited by appellant on the question under consideration generally go to the question of the regularity of the exercise of the power under the warrant. *Bryant v. Harding,* 29 Mo. 347; *Clark's Ex'rs v. Hopkins,* 7 Johns. 555; *Wight v. Alden,* 3 How. Pr. 213; *Manufacturers' & M. Bank v. St. John,* 5 Hill (N. Y.) 497. In *Alldritt v. First Nat. Bank,* 22 Ill. App. 24, it was held that a judgment entered by confession upon a power of attorney which was more than a year and a day old would not be set aside for want of an affidavit showing that the defendant was alive and some part of the debt unpaid, unless some equitable grounds of relief were shown, citing *Rising v. Brainard,* 36 Ill. 79, and *Stuhl v. Shipp,* 44 Ill. 133. The rule has been held in this state, in cases of judgment by confession, that in the absence of equities in favor of the debtor a judgment will not be set aside for irregularities. *Reiley v. Johnston,* 22 Wis. 279; *F. Mayer B. & S. Co. v. Falk,* 89 Wis. 216, 61 N. W. 562.

The Ohio statutes (2 Bates' Ann. Stats. secs. 5324 and

5325) provide for judgment by warrant of attorney, and re-
quire the attorney at the time of making the confession to,
produce the warrant to the court, and that the original or a
copy shall be filed with the clerk of the court.    It is argued
that the verification of the complaint is not sufficient because
made by the attorney, and that it must be made by the party.
We think the verification sufficient and in compliance with
the Ohio statute (vol. 2, sec. 5109), which provides (subd. 3)
that when the pleading to be verified is founded upon a writ-
ten instrument for the payment of money and such instru-
ment is in the possession of the agent or attorney the verifica-
tion may be made by the agent or attorney.    Appellant
places some reliance upon sec. 2896 of our statutes respecting
the entry of judgments upon warrant of attorney, but it will
be seen that this section is different from the Ohio statute
upon the same subject.    For example, one point of difference
is that under the Wisconsin statute the original warrant must
be produced and made a part of the judgment, while the Ohio
statute requires that the original or a copy of the warrant
shall be filed with the clerk.    2 Bates' Ann. Ohio Stats.
sec. 5324.    The Wisconsin statute is in other respects differ-
ent from the Ohio statute.

In the instant case the petition alleges the execution of the
notes and warrants and sets out copies in the petition; also
sets out and alleges due assignment to plaintiff and indorse-
ments on the notes.    The plaintiff was, under the strict
power, the assignee of the notes, and the Ohio court, a court
of general jurisdiction, so found.    It is true, as argued, that
the attorney in confessing judgment must keep strictly within
the power conferred, but it must also be remembered that the
power of attorney in this case contains a release of errors;
besides, the record shows that the power was strictly followed.
It must also be borne in mind that mere irregularities under
a warrant with release of errors will not generally subject a
judgment to collateral attack.    Van Fleet, Collateral Attack,

p. 2; *Knox Co. Bank v. Doty,* 9 Ohio St. 505; *Callen v. Ellison,* 13 Ohio St. 446.

It is argued that the warrant of attorney does not authorize judgment in favor of plaintiff because plaintiff is not an assignee within the record. The record shows absolute indorsement to plaintiff, and besides the court finds that the notes were duly assigned to plaintiff. But it is said the court could not find facts not warranted from the power. This may be conceded, but the power authorizes judgment in favor of the payee "or assigns," and the plaintiff was an assignee under the strict terms of the power as well as under the proof and finding. It is further argued under this head that the proof showed that plaintiff was not the real party in interest and therefore was not entitled to judgment. We think this contention is not supported by the evidence or the law. But even if it could be said that the plaintiff under the evidence was not the real party in interest, still the question cannot be raised upon collateral attack. Freeman, Judgments, § 557; *Lantz v. Maffett,* 102 Ind. 23, 26 N. E. 195. *Nat. Exch. Bank v. Wiley,* 195 U. S. 257, 25 Sup. Ct. 70, is strongly relied upon by counsel for appellant, but in that case the power of attorney authorized the confession of judgment in favor of the "holder" of the note, and there was no indorsement on it showing that it had ever been assigned or transferred by the original payee. The note was payable to the National Exchange Bank or order, with warrant of attorney attached. It was held that the power, being to confess judgment in favor of the "holder," did not, in the absence of express terms, authorize the confession of judgment in favor of the original payee after it ceased to be the owner of the note. So it will be seen that the case is not controlling here. That the power of attorney authorized the entry of judgment in favor of the plaintiff in the instant case is fully warranted by the Ohio decisions. *Spence v. Emerine,* 46 Ohio St. 433, 440, 21 N. E. 866; *Cushman v. Welsh,* 19 Ohio St. 536;

*Watson v. Paine,* 25 Ohio St. 340; *Clements v. Hull,* 35 Ohio St. 141.

It is further urged that the Ohio court had no jurisdiction of the action because brought in the wrong county; that the action must be brought in the county where there is property or debts owing to the nonresident, or where the defendant is found, or where the cause of action arose, and that none of these conditions attached to the county of the Ohio judgment. We think, however, that the Ohio statute meets the objection raised. Sec. 5027, 2 Bates' Ann. Ohio Stats., provides that the action may be brought where the defendant is found. The defendant though a nonresident had a right to appear by attorney, and it clearly appears from the record that defendant did appear by attorney "by virtue of warrants of attorney for that purpose duly executed by the said *John P. Malick* and now produced to the court."

That the judgment was seventy-four cents too large. If it was, it is ruled by the maxim *de minimis non curat lex.*

It is further contended that the record does not show any judgment in fact, or that any judgment was ever entered, because the record offered and received in evidence does not show that it was signed by the judge or clerk of the court and there is nothing to show that it was ever entered in or constituted a part of any judgment book. And it is said, quoting from our statute (sec. 2896, Stats. 1898), that "the judgment shall be signed by the court or a judge and shall be thereupon entered and docketed by the clerk and enforced in the same manner as judgments in other cases." But the entry of judgments in Ohio is controlled by the Ohio statutes and not by the Wisconsin statutes. The Ohio statutes respecting the subject are secs. 5310, 1245, 5331, 4962, 4957, 5332, 5333, and 5334, Bates' Ann. Ohio Stats. (5th ed.). These statutes show that the record was admissible in evidence though not signed by the judge or clerk of the court. Sec. 1245 provides that the clerk shall enter all judgments,

and sec. 5331 provides that they shall be entered on the journal of the court and specify the relief granted; sec. 4962 provides that the clerk shall keep the journal; sec. 4957 provides that the books shall be kept by the clerk; sec. 5333 provides that the clerk shall make up the record in each cause in the vacation next after the term at which the same was determined, and the presiding judge of the court shall at the next term thereafter subscribe the same. The original papers and transcripts from the journal entries are admissible in evidence as the record when they have not been carried into the record book, under the Ohio decisions cited in the statute. *Morgan v. Burnett,* 18 Ohio, 535. And the signature of the presiding judge is not essential to the validity of the record. *Osburn v. State,* 7 Ohio (Part I) 212. The record of the Ohio judgment admitted in evidence was duly attested by the clerk and the seal of the court annexed, together with a certificate of the judge as required by sec. 905, 1 U. S. Comp. Stats. 1901, and was therefore admissible in evidence. *Ordway v. Conroe,* 4 Wis. 45; *Hackett v. Bonnell,* 16 Wis. 471. The foregoing authorities show that the record might be attested and certified either in accordance with the federal statutes above referred to or according to the state statutes. In this connection we call attention to the case of *In re Box's Will,* 127 Wis. 264, 106 N. W. 1063, in which it was held that an Illinois record was not admissible in evidence because not certified in the manner provided by the statutes of this state, although it would seem from the statement of facts that the record was authenticated in accordance with the federal statute heretofore cited. Anything said in the case last named in conflict with the rule laid down as to authentication of records from other states in *Ordway v. Conroe* and *Hackett v. Bonnell, supra,* must be regarded overruled.

Other questions discussed by appellant respecting the statutes of limitation barring the notes, invalidity of the $167.18

note, and substantial excessiveness of the judgment aside from the seventy-four cents before referred to, were found by the court below, upon sufficient evidence, in favor of plaintiff, and the findings upon these questions cannot be disturbed even if open to investigation at all.    How far the matters determined and adjudicated by the Ohio judgment could be questioned and re-litigated in the court below we need not discuss.    It may well be that such matters could not be re-examined in the suit upon the judgment, the judgment being good upon its face and no fraud having been shown in the procuring of it.    But the court below tried all questions raised against the validity of the judgment as well as against the justice of it, and all issues were resolved against the defendant, and we find no error in the record of which he can complain.

*By the Court.*—The judgment below is affirmed.