## STATE v. CRAGUN.

No. 5319. Decided March 29, 1933. (20 P. [2d] 247.)

458

*R. H. Baumunk,* of Ogden, for appellant.

*Joseph Chez,* Attorney General, and *Byron D. Anderson,* Special Deputy Attorney General, for the State.

STRAUP, Chief Justice.

The defendant Cragun, a physician and surgeon, was convicted in the district court of Weber county of the offense of practicing obstetrics without a license in violation of Laws of Utah 1921, c. 91, § 1, forbidding any person to practice in this state medicine and surgery or any branches thereof, including obstetrics, without a license so to do; and was adjudged to pay a fine of $250, from which judgment he has prosecuted this appeal.

Various assignments of error are made, all predicated upon proceedings had before the department of registration, whereby the license of the defendant to practice medicine and surgery was revoked. Upon proceedings had before that department, the license of the defendant was revoked March 6, 1930. From such order or judgment of revocation, the defendant prosecuted an appeal to this court. The appeal was dismissed on the ground that a direct appeal did not lie to this court. *Baker* v. *Department of Registration,* 78 Utah 424, 3 P. (2d) 1082; *Harrison, etc.,* v. *Cragun,* 78 Utah 445, 3 P. (2d) 1092.

Thereafter, and after the judgment of revocation became final, a complaint was filed June 13, 1930, before a committing magistrate wherein the defendant was charged with practicing obstetrics without a license so to do, which, under the statute, is an indictable misdemeanor. The defendant waived preliminary examination and was bound over to answer to the district court. There in due time an information was filed by the district attorney August 9, 1930, wherein the defendant was charged with practicing obstetrics without a license, in that he, on the 21st day of April, 1930, unlawfully practiced obstetrics by attending the birth of a male child born in Ogden, Utah; the defendant not being

then and there licensed to practice obstetrics in the state of Utah, contrary to the statute in such case made and provided, etc. To that information the defendant pleaded not guilty, and waived trial by jury. The case was tried to the court, who found the defendant guilty as charged in the information, and adjudged the defendant to pay a fine of $250. At the trial the state, to support the allegation of the information that the defendant practiced obstetrics without a license, put in evidence the order or judgment of revocation of the department of registration whereby the license of the defendant was revoked. The order or judgment, among other things, recited that in a cause wherein E. B. Harrison, the assistant director, etc., was plaintiff, and Cragun, the defendant, the matter came on regularly for hearing before S. W. Golding, director of registration, and five named physicians and surgeons and members of the state examining committee of physicians and surgeons; that upon the evidence adduced, both oral and documentary, and upon a submission of the case for decision, the five physicians and surgeons upon findings made by them recommended that the license of the defendant to practice medicine be revoked, and thereupon S. W. Golding, director of the department of registration, on March 6, 1930, ordered and adjudged that the license of the defendant be, and the same was, revoked.

The defendant, however, was permitted to put in evidence a certified copy of the complaint and of the files in the cause before the department of registration and upon which the order of revocation was founded, in support of the contention of the defendant that the complaint in such proceedings did not state facts sufficient to constitute unprofessional conduct, that the department of registration was thus without jurisdiction of subject-matter as well as of the person of the defendant, and that hence the order of revocation was void. After alleging that the defendant was a licensed physician and surgeon practicing his profession in the state, the charging portion of such complaint was that

the defendant was practicing his profession in violation of chapter 124, Laws of Utah 1925, and was guilty of unprofessional conduct, in that he did, "between the dates of March 19, 1929 and October 17, 1929, at his office located at 512 Central Building, Ogden, Utah, attempt to procure or aid and abet in procuring a criminal abortion upon" an unmarried female named in the complaint. By the files so admitted in evidence, it also was shown that the defendant filed a general demurrer to such complaint for want of facts, and also upon the ground of want of jurisdiction of subject-matter and of the person of the defendant, and on the further ground of a defect of party plaintiff, in the particular, that the plaintiff, as shown by the title of such cause, was E. B. Harrison, assistant director, and that he as such was not the proper party plaintiff. Such files show that the demurrer was overruled, that the defendant then filed an answer admitting that he was a licensed physician and surgeon as charged in the complaint, denied the alleged charge of misconduct, and further alleged that the assistant director had not the legal capacity to institute the proceedings.

The principal point urged on this appeal is that the complaint filed before the department of registration was not sufficient to support the judgment or order of revocation. But little, if anything, is urged in support of the claim that the department of registration did not have jurisdiction of the person of the defendant, nor as to the claim that the cause was not brought by the proper plaintiff. That the department had jurisdiction of the person of the defendant is clear enough. That is shown by the citation issued in that cause and by the general demurrer and answer interposed by the defendant. By the complaint in the department of registration, the cause was entitled, "E. B. Harrison as Assistant to the Director of the Department of Registration of the State of Utah, Plaintiff v. Wiley M. Cragun, Defendant." As already observed, little if anything is urged in the brief of counsel in support of the assignment as to the claimed defect of party plaintiff. But

whatever defect, if any there was in such respect, it is not now available on a collateral attack upon the order or judgment of revocation. 34 C. J. 559; *Cates* v. *Riley* (Tex. Civ. App.) 55 S. W. 979; *Halfhill* v. *Malick*, 145 Wis. 200, 129 N. W. 1086; *Reed* v. *Reed*, 107 N. Y. 545, 14 N. E. 442.

This, then, brings us to the main question, the sufficiency of the complaint on which the order or judgment of revocation was based. It is claimed that the complaint was insufficient to support the judgment or order of revocation for the reasons that by the complaint it was not charged: (1) That the attempt to procure the criminal abortion was upon a pregnant woman; (2) that the means by which the abortion was attempted, whether by drugs, etc., or instruments, etc., were not alleged; (3) that the intent with which the abortion was attempted likewise was not stated; and (4) that it was not negatived that a miscarriage or an abortion was necessary to preserve the life of the female.

At the threshold let it be noticed that the attack here on the order or judgment of revocation is collateral and not direct. That there is a distinction as to the sufficiency of a complaint to support a judgment when it is attacked directly and when attacked collaterally is elementary. A complaint may well be held insufficient to support a judgment when attacked in a direct proceeding, but held sufficient when attacked collaterally. In a proceeding such as here, a proceeding before the department of registration, the requirements of a complaint charging a physician and surgeon with unprofessional conduct by having committed or attempting to commit a criminal abortion, even on a direct attack, such as on appeal, writ of error, certiorari, or other direct attack, are not as exacting nor are the ingredients of the charged misconduct required to be as formally or specifically stated as in a criminal or civil proceeding where the offense involved in the charge is the basis of the action. 21 Standard Encyc. of Procedure 368; *Lanterman* v. *Anderson*, 36 Cal. App. 472, 172 P. 625; *Suckow* v. *Alderson*, 182 Cal. 247, 187 P. 965; *Dyment* v.

*Board of Medical Examiners,* 57 Cal. App. 260, 207 P. 409; *Associated Oil Co.* v. *Mullin,* 110 Cal. App. 385, 294 P. 421; *Meffert* v. *State Bd. of Med. Reg.,* 66 Kan. 710, 72 P. 247, 1 L. R. A. (N. S.) 811; 34 C. J. 519. Let it be assumed, without so deciding, that on a direct attack, such as on appeal or certiorari, the complaint, for the reasons or some of them urged by the appellant, is insufficient to uphold the order or judgment of revocation, yet, when as here the order or judgment is only collaterally assailed or drawn in question, all that is requisite to support the order or judgment is that the allegations of the complaint but tend to show, or colorably or inferentially show, each material fact necessary to a cause of action, and that on collateral attack the judgment or order is not void for defects or imperfections in the complaint or petition which on its face was amendable. Van Fleet on Collateral Attack, §§ 61, 256; 34 C. J. 560; *Jarrell* v. *Cole* (C. C. A.) 215 F. 315, L. R. A. 1916E, 298. To the same effect in L. R. A. 1916E, 316 are extensive notes on the subject. Among other things, the annotator, on page 325, says:

"English and American courts in cases involving direct attacks have thoroughly established the rule that the jurisdiction of the court depends upon the pleadings, and not upon the facts, yet these same courts have with perfect consistency held that mere insufficiency of pleading does not render the decision based thereon coram non judice, so as to permit a collateral attack."

True, and as we have heretofore several times held, pleadings of some sort, a complaint, petition, or affidavit, or other initial pleading, are essential to invoke jurisdiction to hear and determine a cause (In re Evans, 42 Utah 282, 130 P. 217; *Stockyards Nat. Bank* v. *Bragg,* 67 Utah 60, 245 P. 966; *People's Bonded Trustee* v. *Wight, Judge,* 72 Utah 587, 272 P. 200), even in a summary proceeding (*Cox* v. *Dixie Power Company* (Utah) 16 P. (2d) 916), still if such initial pleading is not only defective or imperfect with respect to essential averments, but on the mandatory record is also so wanting in substance as not

to be even colorable or amendable or to justify the granted or any relief, the order or judgment founded thereon is not only subject to direct, but also to collateral attack. But that, as we think, is not the situation here. Though it be assumed the complaint in question is so frail and wabbly as not to withstand a direct attack upon it, yet on the face of it we think it was amendable, was colorable, and that it states enough to have informed the accused, not only of the nature of the wrong, but of the particular instance of the alleged perpetration, and hence is not so insufficient as to render the decision based thereon coram non judice or subject to collateral attack.

The judgment of the court below is affirmed.

ELIAS HANSEN, FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.