## SHADE v. DOWNING et al.
### No. 3466.

Circuit Court of Appeals, Tenth Circuit.
April 16, 1948.

Kelly Brown, of Muskogee, Okl. (Bliss & Bliss, of Tahlequah, Okl., on the brief), for appellant.

Forrester Brewster, of Muskogee, Okla. (Henry L. Burris, of Pryor, Okla., on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

A tract of land situated in Rogers County, Oklahoma, was allotted to Thompson Downing, a full-blood Cherokee Indian enrolled opposite Roll No. 14644. Thompson Downing and Sally Downing lived together as husband and wife until sometime after 1908, when Thompson Downing left Sally Downing. To the marriage between Thompson and Sally Downing three daughters were born, Lucy Downing, now Foster, Nancy Downing, now Taylor, and Polly Downing, now Williams. On February 21, 1916, a marriage license was issued to Thompson Downing and Polly Manus. On February 22, 1916, a marriage ceremony was performed between Thompson Downing and Polly Manus and they thereafter lived together as husband and wife. No children were born, the issue of that purported marriage. Sally Downing died November 3, 1920, and Thompson Downing and Polly Manus continued thereafter to live together as husband and wife until the death of Thompson Downing in Cherokee County, Oklahoma, on March 17, 1934. Polly Manus died intestate, without issue, April 20, 1934, leaving Peggy Shade, a sister, as her only heir.

Thereafter, Lucy, Nancy, and Polly Downing filed a petition in the county court of Cherokee County to determine the heirs of Thompson Downing under the Act of June 14, 1918, 40 Stat. 606, 25 U.S.C.A. §§ 355, 375. That petition did not aver any facts with respect to the purported marriage between Thompson Downing and Polly Manus. On December 7, 1934, Peggy Shade filed in such proceeding a written

waiver of issuance and service of summons, entry of appearance, and disclaimer of any interest in the estate of Thompson Downing. No notice of the pendency of the heirship proceeding was served upon the Superintendent for the Five Civilized Tribes, pursuant to § 3 of the Act of April 12, 1926, 44 Stat. Part 2, Ch. 115, p. 240, and the United States was not made a party to the heirship proceeding.

Polly Shade brought this action against Lucy, Nancy, and Polly Downing in the district court of Cherokee County, Oklahoma, to recover possession of an undivided one-fourth interest in such allotted lands, to quiet title to such interest, and for an accounting of the rents and profits therefrom. In her complaint she alleged the facts above stated, and that she was induced to enter her appearance and file her disclaimer in the heirship proceeding through extrinsic fraud practiced upon her by the petitioners. Notice of the pendency of this action was served upon the Superintendent for the Five Civilized Tribes in the manner prescribed by § 3, supra. Thereupon, the cause was duly removed by the United States to the United States District Court for the Eastern District of Oklahoma. From a judgment adverse to her, Peggy Shade has appealed. The United States did not join in such appeal.

We certified to the Supreme Court the question whether the United States was an indispensable party to the heirship proceeding. The Supreme Court answered the certified question in the negative. See Shade v. Downing, 68 S.Ct. 702.

■ Evidence was introduced on the issue of alleged extrinsic fraud. The trial court found that issue against Peggy Shade. That evidence is not in the record here and we cannot say the finding was clearly erroneous.

■ The failure of the petition in the heirship proceeding to refer to the purported marriage between Thompson Downing and Polly Manus, in view of the fact that Polly Manus entered her appearance in that proceeding and filed a disclaimer, affords no basis for a collateral attack on the decree of heirship. A judgment may not be impeached collaterally because of a defect in a pleading which could be cured by amendment.[1]

Affirmed.

---

[1] State v. Cragun, 81 Utah 457, 20 P. 2d 247, 249; Long v. Stratton, 50 Ariz. 427, 72 P.2d 939, 941; Chicago R. I. & P. Ry. Co. v. Excise Board of Oklahoma County, 168 Okl. 428, 33 P.2d 1081, 1085.